**WO**                                                                                                            SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 12-2527-PHX-JAT (DKD) |
| Plaintiff, | No. CR 10-0666-PHX-JAT |
| v. | **ORDER** |
| Victor Gomez-Cazares, | |
| Defendant/Movant. | |

      Movant Victor Gomez-Cazares, who is confined in the Federal Correctional Institution in Safford, Arizona, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Movant subsequently filed a motion to supplement his § 2255 motion to add a second ground. (Doc. 3.) The Court will grant the motion to supplement. So supplemented, the Court will summarily dismiss the motion.

**I.     Procedural History**

      Pursuant to a plea agreement, Movant pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. Under the plea agreement, the parties agreed to the amount of actual methamphetamine that was readily provable as being in the possession and control of Movant and/or his co-defendants and the United States agreed to recommend up to a three level reduction in the U.S. Sentencing Guidelines offense level for acceptance of

1  responsibility, depending upon Movant's criminal history.  On January 25, 2012, the Court
2  sentenced Movant to a 188-month term of imprisonment followed by five years on
3  supervised release.

4  Movant asserts two grounds for ineffective assistance of counsel.  In Ground One, he
5  alleges that he instructed his attorney to file a notice of appeal, but counsel refused to do so.
6  In Ground Two, he alleges that counsel failed to advise him that he would face an
7  enhancement for his leadership role, which would raise his offense level above level 36.
8  According to Plaintiff, his attorney explained that "with a level 36 as contained in the Plea
9  Agreement, minus 3 points for acceptance of responsibility, [Movant] would be at Guideline
10 level 13."  (Doc. 3 at 1.)

11 **II.     Summary Dismissal**

12 A district court must summarily dismiss a § 2255 application "[i]f it plainly appears
13 from the motion, any attached exhibits, and the record of prior proceedings that the moving
14 party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the
15 United States District Courts.  When this standard is satisfied, neither a hearing nor a
16 response from the government is required.  See Marrow v. United States, 772 F.2d 525, 526
17 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).  In this case,
18 the record shows that summary dismissal under Rule 4(b) is warranted because Movant has
19 waived the right to bring a § 2255 motion.

20 **III.    Waiver**

21 Movant has waived challenges to his sentence.  The Ninth Circuit Court of Appeals
22 has found that there are "strict standards for waiver of constitutional rights."  United States
23 v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume
24 waiver from a silent record, and the Court must indulge every reasonable presumption
25 against waiver of fundamental constitutional rights.  United States v. Hamilton, 391 F.3d
26 1066, 1071 (9th Cir. 2004).  In this action, Movant's waiver was clear, express, and
27 unequivocal.

28

1   Plea agreements are contractual in nature, and their plain language will generally be
2 enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo,
3 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a
4 § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431,
5 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only
6 claims that cannot be waived are claims that the waiver itself was involuntary or that
7 ineffective assistance of counsel rendered the waiver involuntary. See Washington v.
8 Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the
9 right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an
10 ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt,
11 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel
12 erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca,
13 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective
14 assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4
15 (declining to decide whether waiver of all statutory rights included claims implicating the
16 voluntariness of the waiver).

17   "Collateral attacks based on ineffective assistance of counsel claims that are
18 characterized as falling outside [the category of ineffective assistance of counsel claims
19 challenging the validity of the plea or the waiver] are waivable." United States v.
20 Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396
21 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth
22 Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and
23 knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack,
24 in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel
25 during sentencing.").

26   As part of his plea agreement, Movant made the following waiver:

27   Providing the defendant's sentence is consistent with this agreement,
   **the defendant waives** (1) any and all motions, defenses, probable cause
28   determinations, and objections that the defendant could assert to the indictment
   or information; and (2) **any right to appeal, any collateral attack, and any**

- 3 -

**other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and 2255.** The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, **this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case**.

(Doc. 176 at 4) (emphasis added). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Id. at 9-11.) Specifically, Movant agreed that "promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect." (Id. at 10.)

Movant's assertions in his § 2255 motion pertain to counsel's alleged refusal to file a notice of appeal and to his sentence. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. Movant does not challenge the voluntariness of the waiver and his express waiver of the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. The alleged post-judgment failure of Movant's attorney to file an appeal does not affect the validity of his waiver of the right to file a § 2255. Movant was sentenced in accordance with the terms of the plea agreement. Consequently, the Court finds that Movant waived the right to file a § 2255 motion concerning the issue raised. Thus, the Court will summarily dismiss the motion. Accordingly,

**IT IS ORDERED:**

(1) Movant's motion to supplement his § 2255 motion is **granted**. (Doc. 3.)

(2) The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 as supplemented (Doc. 223 in CR10-0666-PHX-JAT) is **denied** and the civil action opened in connection with this Motion (CV12-2527-PHX-JAT (DKD)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

- 4 -

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 31st day of January, 2013.

_____
James A. Teilborg
United States District Judge

- 5 -